JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CV 10-3724-R |
| | ) | CR 04-1649-R |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| vs. | ) | MOTION UNDER 28 U.S.C. § 2255 |
| | ) | |
| WINSTON GEORGE ROSS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.    INTRODUCTION**

Defendant Winston George Ross is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He seeks post conviction relief on the grounds of ineffective assistance of counsel. Specifically, Defendant contends that his attorney, Pedro Castillo, rendered ineffective assistance of counsel by (1) misrepresenting to Defendant that a defense witness would appear, (2) misrepresenting to Defendant that an expert witness would testify as to financial records, (3) failing to call any defense witnesses, and (4) failing to adequately prepare for trial. The Court has carefully considered the record and the applicable law, and for the reasons set forth below, finds that the motion must be denied.

## II. LEGAL STANDARD

In a petition for writ of habeas corpus alleging ineffective assistance of counsel, courts must consider two factors. First, the petitioner must show that counsel's performance was deficient, falling below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the petitioner must demonstrate that he was prejudiced by counsel's performance. *Id.* at 694. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

The Ninth Circuit has advised that courts do not need to determine whether counsel's performance was deficient before analyzing the alleged prejudice suffered by the defendant. *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002). In fact, a court should dispose of an ineffectiveness claim based upon a lack of sufficient prejudice when it is easier to do so than on the basis of counsel's alleged deficient performance. *Id.* This is because "[t]here is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (*quoting Strickland*, 466 U.S. at 689). Likewise, there is a strong presumption that counsel "exercised acceptable professional judgment in all significant decisions made." *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Finally, conclusory claims that are not supported by a statement of specific facts do not warrant relief. *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995).

## III. DISCUSSION

Defendant claims he was prejudiced by counsel in four ways. As outlined in more detail below, Defendant has failed to demonstrate either a deficient performance or any prejudice with respect to his allegations. Moreover, Defendant has not overcome the strong presumption that Castillo's performance was within the wide range of acceptable professional assistance.

### A. Failure to Advise Defendant that Jeff Mischler Would Testify at Trial

Defendant first contends that his attorney misrepresented to him that Jeff Mischler would testify at trial. Defendant states that he did not become aware that the subpoena of Mischler was denied until after the trial, and that such misrepresentation resulted in prejudice. Respondent

argues that Plaintiff cannot satisfy either prong of *Strickland* and that defense counsel never advised Defendant that Mischler would testify.

The Court agrees with Respondent. Defendant has failed to demonstrate either a deficient performance by counsel or any resulting prejudice. First, assuming that Plaintiff's allegations are true, there is no evidence that counsel's acts fell below any objective standard of reasonableness. Counsel was free to make tactical decisions in the case without obtaining Defendant's prior approval. Moreover, Castillo claims to have communicated to Defendant that the Mischler subpoena was denied. (Defense Counsel's Answers to Government's First Set of Interrogatories ("Counsel's Answers to Interrogatories"), ¶ 1).

Additionally, Defendant has failed to show any prejudice. Defendant does not articulate what Mischler would have testified to, or how such testimony would have resulted in a different result at the trial. Defendant has therefore failed to demonstrate how Castillo's alleged miscommunication constituted a deficient performance, and has not overcome the presumption that Carillo exercised acceptable professional guidance.

**B.    Misrepresenting that an Expert Witness Would Testify to Financial Statements**

Defendant next contends that he was greatly prejudiced by counsel's misrepresentation that an expert witness was hired to analyze financial statements and to testify at trial. Respondent again states that Defendant cannot meet either prong of *Strickland*.

Defendant has failed to demonstrate that either prong of *Strickland* is met. Castillo states that a defense financial expert was not necessary because counsel believed he could obtain all necessary information from the Government's expert witness. (Counsel's Answers to Interrogatories ¶¶ 6-7). This is a tactical decision left to Defendant's attorney. Plaintiff has presented no argument that demonstrates Counsel's decision was not objectively reasonable. Likewise, Plaintiff makes no argument of what prejudice he suffered. He again fails to elicit what testimony would have been obtained by this expert or how it would have resulted in a different outcome at trial. Moreover, given that counsel did in fact obtain information and cross-examine the Government's witness, Janice Chiquet, there probably would not have been any new

3

information to elicit from a defense witness. For these reasons, Plaintiff's second contention likewise fails.

### C. Failure to Call Rodney Jefferson and Other Defense Witnesses

Defendant argues that counsel's failure to call any witnesses at trial, including Rodney Jefferson, resulted in an ineffective assistance of counsel. Respondent contends that it was not objectively unreasonable for counsel to have done so.

Defendant's third argument fails. Counsel stated that he did not call Jefferson because Defendant, Mischler, and Jefferson were all involved in questionable business ventures, and that in his opinion, he did not believe that any of Jefferson's testimony would help Defendant. (Counsel's Answers to Interrogatories ¶¶ 8-10). Defendant fails to articulate how this conduct falls outside of the wide range of acceptable professional assistance. Moreover, Defendant does not demonstrate any prejudice for such alleged failure.

### D. Counsel's Alleged Unpreparedness for Trial

Finally, Defendant contends that counsel was unprepared for trial with no ascertainable strategy. Respondent contends that Defendant has failed to demonstrate that anything counsel did or did not do was objectively unreasonable. After reviewing the record, the Court has determined that there is no objective basis for determining that counsel was unprepared. Further, Defendant has yet again given only a conclusory allegation as to the merits of his allegation. None of counsel's alleged failures undermine the outcome of this trial.

### IV. CONCLUSION

For the reasons described above, Defendant has failed to demonstrate that he is entitled to relief under the two-part *Strickland* test. Accordingly, his claim of ineffective assistance of counsel lacks merit.

IT IS HEREBY ORDERED that Defendant's Motion under 28 U.S.C. § 2255 is DENIED.

Dated: August 24, 2011.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE